1  Michael D. Kinkley
2  Michael D. Kinkley, P.S.
   4407 N. Division, Suite 914
3  Spokane, WA 99207
   (509) 484-5611
4  (509) 484-5972 FAX
5  mkinkley@qwestoffice.net

6  Heath M. Irvine
7  Law Offices of Heath M. Irvine
   6107 N. Astor
8  Spokane, WA 99208
   (509) 489-9500
9  (509) 487-1346 FAX
10 heathmirvine@msn.com

11

12              UNITED STATES DISTRICT COURT
13           FOR THE EASTERN DISTRICT OF WASHINGTON

14 LAURA VANCE,                        )
                                       )
15            Plaintiff,               )
                                       )
16      vs.                            )      Case No.: CV-10-036-LRS
                                       )
17 MARK T. CASE, and JANE DOE          )      AMENDED COMPLAINT
   CASE, husband and wife; SUTTELL &   )
18 HAMMER, P.S., SUTTELL &             )      FOR VIOLATIONS OF THE FDCPA,
19 ASSOCIATES, P.S., CAITLIN R.        )      15 USC 1692
   FINLEY and JOHN DOE FINLEY,         )
20 wife and husband, and MALISA L.     )
   GURULE, and JOHN DOE GURULE,        )
21 wife and husband,                   )
22                                     )
                                       )
23            Defendants.              )
                                       )
24 _____ )

25

AMENDED COMPLAINT  -1-

Plaintiff Laura Vance, by and through her attorneys, Michael D. Kinkley of

Michael D. Kinkley, P.S., and Heath M. Irvine of the Law Offices of Heath M.

Irvine allege the following:

## I. COMPLAINT

1.1.    This is an action for damages and remedies against Defendants, Mark T.

Case and Jane Doe Case, husband and wife, Suttell & Hammer, P.S.,

Suttell & Associates, P.S., Caitlin R. Finley and John Doe Finley, wife

and husband, and Malisa Gurule and John Doe Gurule, wife and

husband, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, *et seq.*, ("FDCPA").

1.2.    Laura Vance paid in full the judgment entered against her. Despite

repeated requests, Defendants refused to satisfy the judgment. Instead

the Defendants instituted two separate supplemental proceedings for

examination of the debtor obtaining orders from the court requiring her

appearance in court under the threat of the penalty of being jailed for

contempt. To obtain the court order, the Defendants swore to the state

court "under penalty of perjury" that the judgment was unsatisfied. The

Defendants have now admitted that the judgment had been paid in full.

So the sworn allegation that the judgment was "unsatisfied" was an

admittedly false statement.

AMENDED COMPLAINT  -2-

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Laura Vance is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692(a)(3).

3.2.    Plaintiff Laura Vance is a natural person.

3.3.    Defendants alleged that Plaintiff Laura Vance was allegedly obligated to pay a debt.

3.4.    Defendant Suttell & Hammer, P.S. was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

AMENDED COMPLAINT  -3-

3.5.    The alleged debt Defendant Suttell & Hammer, P.S. was attempting to collect was an alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6.    Defendant Suttell & Associates, P.S. was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

3.7.    The alleged debt Defendant Suttell & Associates, P.S. was attempting to collect was an alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.8.    Defendant Mark Case was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

3.9.    The alleged debt Defendant Mark Case was attempting to collect was an alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.10.   Defendant Caitlin R. Finley was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

3.11.   The alleged debt Defendant Caitlin R. Finley was attempting to collect was an alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.12.   Defendant Malisa Gurule was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

AMENDED COMPLAINT  -4-

3.13.   The alleged debt Defendant Malisa Gurule was attempting to collect was an alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.14.   All charges that Defendants alleged that Plaintiff Laura Vance owed were for personal, family or household purposes.

3.15.   Defendant Suttell & Hammer, P.S. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.16.   Defendant Suttell & Hammer, P.S. uses interstate commerce or the mails for the collection of debts.

3.17.   Defendant Suttell & Hammer, P.S. regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail.

3.18.   Defendant Suttell & Hammer, P.S. communicated with the Plaintiff with the intent to collect a debt.

3.19.   Defendant Suttell & Associates, P.S. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.20.   Defendant Suttell & Associates, P.S. uses interstate commerce or the mails for the collection of debts.

AMENDED COMPLAINT  -5-

3.21.   Defendant Suttell & Associates, P.S. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.22.   Defendant Suttell & Associates, P.S. communicated with the Plaintiff with the intent to collect a debt.

3.23.   Defendant Mark T. Case is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.24.   Defendant Mark T. Case uses interstate commerce or the mails for the collection of debts.

3.25.   Defendant Mark T. Case regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.26.   Defendant Caitlin R. Finley is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.27.   Defendant Caitlin R. Finley uses interstate commerce or the mails for the collection of debts.

3.28.   Defendant Caitlin R. Finley regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

AMENDED COMPLAINT  -6-

3.29.   Defendant Malisa Gurule is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.30.   Defendant Malisa Gurule uses interstate commerce or the mails for the collection of debts.

3.31.   Defendant Malisa Gurule regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Laura Vance was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2.   Sometime in the summer or fall of 2009, Suttell & Associates, P.S. began doing business as Suttell & Hammer, P.S. Suttell and Associates, P.S. is now known as Suttell & Hammer, P.S.

4.3.   Defendants Suttell & Hammer, P.S. and Suttell & Associates, P.S. (collectively hereafter "Suttell") are each a Washington professional service corporation.

4.4.   Defendant Suttell is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

AMENDED COMPLAINT  -7-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

4.5.    Defendant Mark Case, an attorney licensed in the State of Washington, engaged in the business of collecting debts within the State of Washington which were originally owed to another.

4.6.    Defendant Mark Case  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

4.7.    Defendant Caitlin R. Finley, an attorney licensed in the State of Washington, engaged in the business of collecting debts within the State of Washington which were originally owed to another.

4.8.    Defendant Caitlin R. Finley  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

4.9.    Defendant Malisa Gurule, an attorney licensed in the State of Washington, engaged in the business of collecting debts within the State of Washington which were originally owed to another.

4.10.   All acts alleged of Suttell & Hammer, P.S. were done on its own behalf, on behalf of Defendants Suttell & Associates, P.S., Mark Case, Caitlin R. Finley, and Malisa Gurule.

AMENDED COMPLAINT  -8-

4.11.   All acts alleged of Suttell & Associates, P.S. were done on its own behalf, on behalf of Defendants Suttell & Hammer, P.S., Mark Case, Caitlin R. Finley, and Malisa Gurule.

4.12.   All acts alleged of Mark T. Case were done on his own behalf, on behalf of  Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Caitlin R. Finley, and Malisa Gurule and on behalf of Jane Doe Case and the marital community.

4.13.   All acts alleged of Caitlin R. Finley were done on her own behalf, on behalf of  Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, and Malisa Gurule and on behalf of John Doe Finley and the marital community.

4.14.   All acts alleged of Malisa Gurule were done on her own behalf, on behalf of  Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley and on behalf of John Doe Gurule and the marital community.

## V. FACTS

5.1.   On May 8, 2008, Defendant Suttell filed a lawsuit on behalf of HSBC Bank Nevada, N.A. ("HSBC"), against Laura Vance, in Spokane County Superior Court, Case number 08-202119-4.

AMENDED COMPLAINT  -9-

5.2.    On June 13, 2008, Defendant Suttell obtained a default judgment in favor of HSBC, against Plaintiff Laura Vance, in the amount of $3,610.57 ("HSBC Judgment").

5.3.    On July 16, 2008, Defendant Suttell obtained a Writ of Garnishment in Spokane County Superior Court against Laura Vance's employer, Spokane Advanced Imaging Institute.

5.4.    Thereafter, Laura Vance received notice of the garnishment.

5.5.    Laura Vance and her husband, Michael Vance contacted Suttell for instructions on how they could pay off the judgment to obtain a discontinuation of the garnishment of her employer.

5.6.    Laura Vance followed the instructions Defendant Suttell had suggested for payment.

5.7.    On August 20, 2008, Plaintiff Michael and Laura Vance obtained a Cashier's Check in the amount of $3,610.57.

5.8.    The cashier's check was drafted in an amount identical to the HSBC Judgment.

5.9.    The cashier's check stated in all capital letters "GARNISHMENT PAYOFF".

5.10.   No other person named "Vance" was being garnished by defendant Suttell & Associates, P.S. in Spokane County.

AMENDED COMPLAINT  -10-

5.11.   Plaintiff Laura Vance mailed the cashier's check to Defendant Suttell, attention Mark Case.

5.12.   Defendant Suttell received the Vance cashier's check.

5.13.    Included in the envelope in which the Vances sent the cashier's check was a copy of the Writ of Garnishment of Laura Vance's employer.

5.14.   After receiving the cashier's check Defendant Suttell endorsed the cashier's check, "Pay to the order or Bank of America, Mercer Island, WA 98040 For Deposit Only Suttell & Associates Midland YCC ****114" (redacted).

5.15.   The judgment creditor that Laura Vance paid in full was HSBC.

5.16.   After endorsing the cashier's check Defendant Suttell deposited it into a bank account.

5.17.   Defendant Suttell was required to deposit these funds in an IOLTA (attorney trust account.).

5.18.   The Bank account in which Defendant Suttell deposited the cashier's check belonged to Defendant Suttell.

5.19.   The cashier's check cleared.

5.20.   On or before September 2008, the HSBC Spokane County Superior Court Judgment against Laura Vance in *HSBC Bank v. Laura M. Vance*, # 08-2-02119 was fully satisfied.

AMENDED COMPLAINT  -11-

5.21.   Since the balance of the HSBC Judgment was satisfied in full in August or September of 2008, a satisfaction of judgment should have been immediately filed with the Spokane County Superior Court at that time.

5.22.   No Satisfaction of judgment was filed until November 23, 2009.

5.23.   In the fall of 2009, Laura Vance received, in an envelope from Suttell a copy of her former employer/garnishee's Answer to the July 2008 garnishment.

5.24.   The Vances contacted Suttell to inform them that the judgment had been fully paid, satisfied, and the garnishment should have been shown to be quashed.

5.25.   On December 8, 2008, Plaintiff's husband, Michael Vance called Defendant Suttell, spoke to several employees, then was referred to Defendant Mark T. Case.

5.26.   The Vances again told each Suttell employee and then Mark Case that the judgment had been paid and there should be no garnishment continuing.

5.27.   Mr. Case would not believe the Vances and demanded proof that the HSBC Judgment had been satisfied.

5.28.   On December 8, 2008, after the conversation with Defendant Mark T. Case, Plaintiff's husband Michael Vance faxed to Defendants Mark Case

AMENDED COMPLAINT  -12-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

and Suttell a copy of the certified cashier's check the Vances had sent in August 2008 to Suttell to fully satisfy the HSBC Judgment.

5.29.    On December 8, 2008, Defendant Mark Case called the Vance's and stated in a voicemail message to Michael Vance, "We did find your payment…" acknowledging that payment had been made in full and that the proof of payment had been received.

5.30.    Under Washington law, an unsatisfied judgment in an amount of $25.00 or greater is a statutory prerequisite for a judgment creditor to obtain a court order to conduct a supplemental proceeding examination of a judgment debtor.

5.31.    On February 6, 2009, Defendant Caitlin R. Finley signed a Motion and Declaration for Order for Examination and Order to Show Cause for a Judicial Subpoena to satisfy the Washington statutory requirement of an allegation of an unsatisfied debt ("Finley Declaration").

5.32.    In the February 6, 2009, Finley Declaration, Defendant Caitlin R. Finley stated under penalty of perjury, "Judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00."

5.33.    The full balance of the HSBC Judgment had been fully satisfied prior to Defendant Finley signing the February 6, 2009 Declaration.

AMENDED COMPLAINT  -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.34. The statement in the February 6, 2009, Finley Declaration that the, "Judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00," was false.

5.35. On February 19, 2009, Defendant Suttell presented the February 6, 2009 Finley Declaration, along with a proposed Order for Proceedings Supplemental to Execution and Order to Show Cause to the Spokane County Superior Court.

5.36. On February 19, 2009, the proposed Order was signed based on Defendant Caitlin Finley's false sworn representation.

5.37. The Order further stated that, "YOUR FAILURE TO APPEAR SHALL BE CONSIDERED CONTEMPT OF COURT AND A BENCH WARRANT FOR YOUR ARREST MAY ISSUE."

5.38. On February 23, 2009, the February 6, 2009, Finley Declaration and the Order were filed with the Spokane County Superior Court.

5.39. The Order ordered Laura Vance to appear in Court on April 2, 2009.

5.40. On April 2, 2009, Plaintiff Laura Vance appeared with her husband, Michael Vance at the Spokane County Superior Courthouse.

5.41. At thee Spokane County courthouse, the Vances again told Defendant Mark Case that the HSBC Judgment had been paid in full.

AMENDED COMPLAINT  -14-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.42.   Plaintiff Laura Vance and her husband Michael Vance incurred mileage expenses and were each forced to take four hours off of work to appear at the hearing.

5.43.   Defendant Mark Case allowed Plaintiff Laura Vance to leave without conducting the examination.

5.44.   In July of 2009, Plaintiff Laura Vance and her husband Michael Vance attempted to re-finance their home through Quicken Loans.

5.45.   Plaintiff Laura Vance and her husband Michael Vance were unable to refinance their home because the HSBC judgment appeared on their credit report.

5.46.   In early September of 2009, a loan officer from Quicken Loans contacted Defendant Mark Case in an attempt to salvage the loan.

5.47.   The loan officer told Defendant Mark Case he had a copy of the cashier's check used to satisfy the HSBC judgment.

5.48.   The loan officer requested that Defendant Mark Case enter a satisfaction of judgment so that the loan could go through.

5.49.   Defendant Mark Case refused to enter a satisfaction of judgment.

5.50.   Plaintiff Laura Vance and her husband Michael Vance were unable to refinance their home.

AMENDED COMPLAINT  -15-

5.51.   Instead, on September 23, 2009, Defendant Malisa L. Gurule signed a

Motion and Declaration for Order for Examination and Order to Show

Cause for a Judicial Subpoena ("Gurule Declaration").

5.52.   In the September 23, 2009, Gurule Declaration, Defendant Malisa L.

Gurule stated under penalty of perjury, "Judgment creditor has an

unsatisfied judgment balance against the judgment debtor in an amount

exceeding $25.00."

5.53.   The full balance of the HSBC Judgment had been fully satisfied prior to

the creation and signing of the September 23, 2009, Gurule Declaration.

5.54.   The statement in the September 23, 2009, Gurule Declaration that the

"Judgment creditor has an unsatisfied judgment balance against the

judgment debtor in an amount exceeding $25.00" was false.

5.55.   On October 13, 2009, Defendant Suttell presented the September 23,

2009 Gurule Declaration, along with a proposed Order and Proceedings

Supplemental to Execution and Order to Show Cause Pursuant to the

Spokane County Superior Court.

5.56.   On October 13, 2009, based on the sworn statements contained in the

Gurule Declaration, a Spokane County Superior Court Commissioner

signed the proposed order presented by Malisa L. Gurule.

AMENDED COMPLAINT  -16-

5.57.   The Spokane County Superior Court ordered Laura Vance to appear in Court on November 12, 2009, to be examined, and to answer judgment debtor interrogatories.

5.58.   The Court's Order further stated in all capitol letters that, "YOUR FAILURE TO APPEAR SHALL BE CONSIDERED CONTEMPT OF COURT AND A BENCH WARRANT FOR YOUR ARREST MAY ISSUE."

5.59.   On October 13, 2009, Suttell defendants filed the September 23, 2009, Gurule Declaration and Order were filed with the Spokane County Superior Court.

5.60.   On November 12, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at the Spokane County Superior Court with counsel and requested a hearing (filed pursuant to the supplemental proceeding statute) to determine if the elements of RCW 50.12.070 were met.

5.61.   One of the statutory elements of RCW 50.12.070 is that there is an existing "unsatisfied judgment."

5.62.   The Court did not have sufficient time to conduct a contested hearing on November 12, 2009.

5.63.   The Court continued the hearing for November 18, 2009.

AMENDED COMPLAINT  -17-

5.64.   Michael Vance was a necessary witness to the evidence of payment of the judgment.

5.65.   Plaintiff's husband Michael Vance incurred mileage expenses and was forced to take four hours off work to appear in Court on November 12, 2009.

5.66.   On November 17, 2009, Defendant Mark Case continued to insist that the judgment  had not been satisfied.

5.67.   On November 17, 2008 Mr. Case stated in a letter: "As the court file indicates, a Judgment was entered against your client on June 13, 2008 in the amount of $3,610.67. To date, payment has not been received for the outstanding Judgment balance; as such, it has not been satisfied. The supplemental proceeding was special set to November 18, 2009 at 1:30 p.m. I have subsequently reviewed my file and note that on December 8, 2008, your client and your client's husband called my office stating that they had paid the Judgment balance in full. Both the paralegal with whom they spoke and I informed your client that we had not received any payment and that they needed to provide us either a canceled check, receipt, or some other proof of payment. Our accounting department verified that no payment was received."

AMENDED COMPLAINT  -18-

5.68.   On November 18, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at Spokane County Superior Court for the hearing set at that time.

5.69.   On November 18, 2009, Plaintiff's husband Michael Vance incurred mileage expenses and was forced to take off four hours of work to attend the hearing.

5.70.   At the November 18, 2009 hearing in state court, Mr. Case finally admitted that the judgment had been satisfied. The state court dismissed the supplemental proceeding and imposed terms against Mr. Case in the amount of Nine Hundred Ninety Six Dollars and Fifty Cents ($996.53).

5.71.   On November 23, 2009, Defendant Mark T. Case filed a full satisfaction of the HSBC judgment.

## VI. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6.1   Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated the FDCPA causing actual Damages to the Plaintiff.

6.2   Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 USC §1692(d), by engaging in conduct the natural consequence of which is to

AMENDED COMPLAINT  -19-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

harass, oppress and abuse the Plaintiff in connection with the collection of an alleged debt.

6.3    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(e) by making false, deceptive and misleading statements in connection with the collection of a debt.

6.4    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(e)(2)(A) by making false, deceptive and misleading statements which falsely represented the character, amount, or legal status of a debt.

6.5    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person when such action may not lawfully be taken.

6.6    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(e)(5) by threatening to take action which cannot lawfully be taken.

AMENDED COMPLAINT  -20-

6.7     Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(e)(8) by communicating credit information to a person which is known to be false, or should be known to be false, including failure to communicate that a debt is disputed.

6.8     Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

6.9     Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not expressly authorized by the agreement creating the alleged debt or permitted by law.

6.10    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(h) by applying a payment to a debt which is disputed.

6.11    Defendants Suttell & Hammer, P.S., Suttell & Associates, P.S., Mark T. Case, Caitlin R. Finley, and Malisa Gurule each violated 15 U.S.C. § 1692(h) by failing to apply a payment in accordance with Plaintiff Laura Vance's directions.

AMENDED COMPLAINT  -21-

VII. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

7.1    Actual damages;

7.2    Statutory damages pursuant to the FDCPA, 15 U.S.C. §

1692k(a)(2)(A);

7.3    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C.

§1692k(a)(3);

7.4    Declaratory Judgment that Defendants' practices violate the Fair Debt

Collection Practices Act and that Defendants failed to keep accurate

accounting records of payments made.

7.5    Injunction prohibiting Defendants from attempting to collect a debt

which is known or should be known to have been satisfied.

7.6    For such other and further relief as may be just and proper.


DATED this 25th day of March, 2010


*Michael D. Kinkley P.S.*


/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for the Plaintiff


AMENDED COMPLAINT  -22-