1  Carl E. Hueber, WSBA No. 12453
   WINSTON & CASHATT
2  601 W. Riverside Ave.
3  1900 Bank of America Financial Center
   Spokane, WA 99201
4  Telephone: (509) 838-6131

5  Attorneys for Defendants
6

7

8              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
9

10 LAURA VANCE,

11                              Plaintiff,
                                             No.   CV-10-036-LRS
12      vs.

13 MARK T. CASE and JANE DOE CASE,     PLAINTIFF'S FIRST SET OF
   husband and wife; SUTTELL &         INTERROGATORIES TO DEFENDANT
14 ASSOCIATES, P.S., CAITLIN R.        SUTTELL & HAMMER, P.S.
   FINLEY and JOHN DOE FINLEY, wife             **WITH ANSWERS**
15 and husband, and MALISA L. GURULE
16 and JOHN DOE GURULE, wife and
   husband,
17

18                              Defendants.

19 _____

20            I. FRCP 34, Request for Production

21      Pursuant to the Federal Rules of Civil Procedure, Rule (FRCP 34), Plaintiff, Laura
22 Vance hereby requests that the Defendant, Suttell & Hammer, P.S., produce and/or
   permit the Plaintiff's representatives to inspect, copy, test, or sample the items in the
23 Defendant's possession, custody or control identified below including:

24
   DEFENDANT SUTTELL'S ANSWERS
   TO PLAINTIFF'S FIRST SET OF
   INTERROGATORIES -- 1



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

-64-

1   Any documents or electronically stored information designated below — including
2   writings, drawing, graphs, charts, photographs, sound recordings, images, and other data
    or data compilations — stored in any medium from which information can be obtained
3   either directly or, if necessary, after translation by the responding party into a reasonably
    usable form; and/or
4

5   Any tangible things designated below; and/or

6   Permission to enter land or other property possessed or controlled by the
7   responding party, so that the requesting party may inspect, measure, survey, photograph,
    test, review computer data, or sample the property or any designated object or operation
8   on it.

9                          II.  Time and Place for Production

10
    The production should be made on or before August 23, 2010 (30 days from the
11  service of this request) at:

12                          Michael D. Kinkley, P.S.
13                          4407 N. Division, Suite 914
                            Spokane, WA 99207
14

15                               III.  Instructions

16  If you are declining to produce any document or respond to any paragraph in
17  whole or in part because of a claim of privilege, please:
        a.    identify the subject matter, type (e.g., letter, memorandum), date, and author
18            of the privileged communication or information, all persons that prepared or
              sent it, and all recipients or addressees;
19      b.    identify each person to whom the contents of each such communication or
20            item of information have heretofore been disclosed, orally or in writing;
        c.    state what privilege is claimed; and
21      d.    state the basis upon which the privilege is claimed.

22

23

24
    DEFENDANT SUTTELL'S ANSWERS                    *Winston & Cashatt*
    TO PLAINTIFF'S FIRST SET OF                    A PROFESSIONAL SERVICE CORPORATION
    INTERROGATORIES -- 2                           1900 Bank of America Financial Center
                                                   601 West Riverside
                                                   Spokane, Washington 99201
                                                   (509) 838-6131

If any document requested was, but no longer is, in your possession or subject to your control, please state:

    a.    the date of its disposition; and

    b.    the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and

    c.    an explanation of the circumstances surrounding the disposition of the document.

**Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.** If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## IV. INTERROGATORIES

**INTERROGATORY #1.** Please trace the money received from Michael Vance on August 26, 2008, Numerical Cashier's Check 0-0000071603 in the amount of $3,610.57 and identify all bank accounts in which any portion of the money was deposited into, transferred into or out of, or withdrawn from.

**RESPONSE:**    The payment was received on and applied on August 26, 2009 to a Midland Funding LLC account belonging to Michael G. Vance who resides in Spokane County, Washington. Because the payment did not reference the account of Laura Vance, the funds were applied to this account because it was the only active account in Suttell's office belonging to a Michael Vance residing in Spokane County. Upon execution of a Stipulated Protective Order, this answer will be supplemented.

**INTERROGATORY #2.** Please identify all procedures that Suttell & Hammer, P.S. applied regarding the receipt of money from Michael or Laura Vance.

**RESPONSE:**    A Suttell accountant notifies a Suttell attorney if there is a question on how to apply a payment. In this case, because plaintiff failed to designate her name, the Suttell file number, the credit account number, the name of the creditor (HSBC), or a Superior Court Cause Number on the check, the accountant selected the account of Michael G. Vance because it was the only active account that referenced the only two identifying marks on the check, (1) Michael Vance and (2) Spokane County, because the check was issued by Numerica Credit Union in Spokane, Washington. With

DEFENDANT SUTTELL'S ANSWERS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES -- 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    this information, Karen Hammer authorized the check to be applied to the account of
2    Michael G. Vance. Upon execution of a Stipulated Protective Order, this answer will be
3    supplemented.

4        INTERROGATORY #3. Please identify all procedures that Suttell & Hammer,
     P.S. applies regarding the receipt of money from any alleged debtor.

5        RESPONSE:    When Suttell receives money from a debtor, an accountant
6    applies the funds to the appropriate account. If an accountant has a question as to the
7    application of the funds, the accountant will notify a Suttell attorney who will review the
     file and decide how or if the funds are to be applied.

8        INTERROGATORY #4. Please describe the relationship between HSBC Bank,
9    Nevada, N.A. and Suttell & Hammer, P.S. including the manner in which any funds
10   collected on An HSBC Bank Nevada, N.A. account would be distributed. For example, if
11   the amount alleged owed and the attorney fee requested in the Complaint filed in *HSBC
     Bank Nevada, N.A., v. Laura Vance*, Spokane County Superior Court Case
12   No.: 08-2-02119-4, were fully collected, how would those funds be divided or dispersed?

13       RESPONSE:    **Objection.** This request seeks information that is protected by
14   the attorney/client privilege.

15                                        _____
                                              CARL E. HUEBER
16

17       Subject to this objection and without waiving this objection, Suttell will produce a
     copy of the requested information pursuant to a Stipulated Protective Order.

18
19       INTERROGATORY #5. Please identify and describe all procedures that Suttell &
     Hammer, P.S. applies before initiating supplemental proceedings against alleged debtors.

20       RESPONSE:    If there is an outstanding judgment against the debtor in excess
21   of a sum certain, which varies by individual county, Suttell will initiate a supplemental
22   proceeding to examine the debtor to ascertain information relevant to the ultimate
     satisfaction of the judgment.

23
24
     DEFENDANT SUTTELL'S ANSWERS
     TO PLAINTIFF'S FIRST SET OF
     INTERROGATORIES — 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1   INTERROGATORY #6.  Describe the maintenance of all procedures utilized by
2   the Defendant to avoid violation of the Fair Debt Collection Practices Act.

3   RESPONSE:        See Response to Request for Production No. 11.  By way of
4   further answer, Suttell utilizes training and testing materials which will be provided upon
    execution of a Stipulated Protective Order.

5
6   INTERROGATORY #7.  Provide the names of all employees who were involved
    with the Vance account, the nature of their involvement, this including but not limited to
7   all persons who were in contact with Plaintiffs telephonically or by mail, and the content
    of any conversations.

8
9   RESPONSE:        See attached documents Suttell 0001 to 0019.  By way of
    further answer, please see below:

10

| WGS | William Suttell | Attorney |
|-----|----------------|----------|
| MAM | Matt Monahan | Non-Attorney |
| SEL | Susan Leisos | Non-Attorney |
| NJU | Nick Upshaw | Non-attorney |
| MQP | Michelle Phan | Non-attorney |
| RLB | Rebecca Benson | Non-attorney |
| TZH | Tu Uyen Huynh | Non-attorney |
| PZC | Penelope Chimonce | Non-attorney |
| MSC | Melissa Carlson | Non-attorney |
| ILH | Isaac Hammer | Attorney |
| TAG | Tonya Gores | Non-attorney |
| DFK | Dan King | Non-attorney |
| KZL | Kelli Liao | Non-attorney |
| DLS | Debbi Stewart | Non-attorney |
| CEE | Courtney Eckerd | Non-attorney |
| JLO | Jennifer Omtvedt | Non-attorney |
| MTC | Mark Case | Attorney |
| KCH | Kelli Huerta | Non-attorney |
| MLG | Macdlita Glover | Non-attorney |
| KEF | Kristina Fredrickson | Non-attorney |
| EMH | Erika Horton | Non-attorney |

DEFENDANT SUTTELL'S ANSWERS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES -- 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

| JSC | Jameka Combs | Non-attorney |
|-----|--------------|--------------|
| KAF | Kesha Fountain | Non-attorney |
| ALM | Ash Mandalika | Non-attorney |
| JKS | Jamie Sobian | Non-attorney |
| TJM | Tyler Moore | Attorney |
| NZH | Nohaka Huerta | Non-attorney |
| MAG | Melissa Garber | Non-attorney |
| JMC | Jeannie Conrad | Non-attorney |
| EAH | Erica Horton | Non-attorney |
| JMW | Jennifer Wint | Non-attorney |
| SAC | Scott Coman | Non-attorney |
| RML | Rochelle Lewis | Non-attorney |
| MLS | Mitch Steinbach | Non-attorney |
| MZR | Morgan Root | Non-attorney |
| ANH | Amanda Hansen | Non-attorney |
| DWK | Deena Kamelman | Non-attorney |
| JAL | Judy Lim | Non-attorney |
| EAC | Erin Cockerill | Non-attorney |

INTERROGATORY #8.  When Mark Case was told by Michael and Laura Vance on April 2, 2009, at the supplemental hearing (when service had not yet been accomplished) that the debt was paid the prior summer what steps did Case take when he returned to his office to investigate Plaintiffs' allegation?

RESPONSE:     Mark Case had been scheduled to be in Spokane County conducting numerous hearings on April 2 and 3, 2009.   Suttell had not received confirmation that service of the supplemental proceeding of Laura Vance that had been scheduled for April 2, 2009 was timely and that hearing was stricken.   As a result, Mr. Case did not have the Vance file with him or an opportunity or reason to review the Vance file at the time Mr. Vance confronted Mr. Case at the courthouse.   Laura Vance's name was not on any docket that was in the possession of Mr. Case.   Mr. Case told Mr. Vance that because he did not have Laura Vance's file, he could not answer any questions about the case but that Mr. Vance was free to leave the courthouse because the hearing had been stricken and, furthermore, since Mr. Vance was not a party, he was under no obligation to appear.   Mr. Case also told Mr. Vance that he should contact Suttell if he had any questions about the case.   Mr. Case provided Mr. Vance with the

DEFENDANT SUTTELL'S ANSWERS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES -- 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    telephone number for Suttell.  Mr. Case also told Mr. Vance that if he was claiming to
2    have paid the judgment balance to Suttell, he should promptly send proof of that payment
3    to Suttell.  Mr. Vance then hastily left the courthouse.  Due to the number of people
     Mr. Case met with over the two day period and the short abrupt nature of the
4    conversation with Mr. Vance, Mr. Case did not remember Mr. Vance or Laura Vance's
     name upon return to Bellevue some days later.

5

6         INTERROGATORY #9.   When Michael Vance received a telephone message
     from Mr. Case on or about December 8, 2008, what account did Mr. Case reference when
7    he stated that the check in the amount of $3,610.57, was applied to an account under the
     name of Michael Vance?

8

9         RESPONSE:       Because Michael Vance rather than Laura Vance had contacted
     Mr. Case, there was some confusion as to what account was actually being discussed.
10   Mr. Case requested that Laura Vance provide a copy of the check that was claimed to
     have settled the account.  Mr. Vance faxed a copy of the check to Mr. Case, however, he
11   failed to attach a fax cover sheet or put any identifying mark on the check relating to it
     Laura Vance's HSBC account.  When Mr. Case received the fax, he was unable to recall
12   Laura Vance's first name and the subsequent account.  Mr. Case did, however, have
13   Michael Vance's name and phone number listed on a note on his desk from a previous
     conversation.   Mr. Case called Mr. Vance and advised him that it appeared that a
14   payment had been received by Suttell and possibly applied to the wrong account.
15   Mr. Case stated that he could not remember Mrs. Vance's (Laura) first name.  Mr. Case
     unequivocally requested that Michael Vance return his call and advise him of his wife's
16   name (Laura) so the matter could be resolved.  Mr. Vance never returned the phone call
17   or provided any further documentation to connect the payment to the HSBC account of
     Laura Vance.

18

19

20

21

22

23

24

DEFENDANT SUTTELL'S ANSWERS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES -- 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

-70-

1    INTERROGATORY #10. After Mr. Case learned that the check was misapplied
2  to the wrong account, what steps were taken to:

    a.    Reinstate an account for a "Michael Vance"?
3      b.    Credit the account for Plaintiff Laura Vance?
    c.    What trust account ledger transactions were made?
4

5    RESPONSE:    Upon receipt of the check from Mr. Kinkley, the Suttell
Accounting Department was directed to adjust the "Michael Vance" account and credit
6  the payment to plaintiff Laura Vance. This answer will be supplemented upon the
7  execution of a Stipulated Protective Order.

8

9    Dated this the 23rd day of July, 2010.

10

                    *Michael D. Kinkley, P.S.*
11

12                     Scott M. Kinkley
                 Attorney for Plaintiff
13                     WSBA #42434
                 4407 N. Division, Suite 914
14                     Spokane, WA 99207
15                     (509) 484-5611
                 skinkley@qwestoffice.net
16

17

18

19

20

21

22

23

24

DEFENDANT SUTTELL'S ANSWERS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES -- 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    V.  Answers to Request for Production of Documents

2    I certify as an attorney for the defendant that I have read the Answers to
3    Interrogatories and they comply with the Federal Rules of Civil Procedure.

4    Dated this 2nd day of September, 2010.

5

6

7    Carl E. Hueber
     Winston & Cashatt
8    Attorneys for Defendant Suttell & Hammer, PS

9

10   STATE OF WASHINGTON    )
11                          )  ss.
     COUNTY  OF  King       )
12

13   _____, being first duly sworn on oath, deposes and says:

14   I am the authorized representative of the Defendant Suttell & Hammer, P.S., I have
15   read the above and foregoing Answers to Interrogatories, know the contents thereof, and
     believe the same to be true and correct.
16

17   _____

18

19   SUBSCRIBED AND SWORN to before me this _____ day of September, 2010.

20   _____
21   Notary Public in and for the State of
     Washington residing at _____
22   My commission expires _____

23

24   DEFENDANT SUTTELL'S ANSWERS
     TO PLAINTIFF'S FIRST SET OF
     INTERROGATORIES -- 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2       I hereby certify that on September 2, 2010, I served the foregoing document on counsel for plaintiff via hand delivery to:

3

4                   Michael Kinkley and Scott Kinkley
                Michael D. Kinkley P.S.

5                   4407 N. Division, Suite 914
                Spokane, WA  99207

6

7   and via first class US Mail, postage prepaid, to:

8

9                   Heath M. Irvine
                Law Offices of Heath M. Irvine

10                  6107 N. Astor Street

11                  Spokane, WA 99208-8102

12

13

14                  CARL E. HUEBER, WSBA #12453

15                  WINSTON & CASHATT, LAWYERS
                A Professional Service Corporation

16                  Attorneys for Defendants

17

18

19  200795

20

21

22

23

24
    DEFENDANT SUTTELL'S ANSWERS
    TO PLAINTIFF'S FIRST SET OF
    INTERROGATORIES -- 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131