Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Heath M. Irvine
Law Offices of Heath M. Irvine
6107 N. Astor
Spokane, WA 99208
(509) 489-9500
(509) 487-1346 FAX

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA VANCE, ) | |
| ) | |
| Plaintiff, ) | Case No.: CV-10-036-LRS |
| ) | |
| vs. ) | MEMORANDUM IN SUPPORT OF |
| ) | PLAINTIFF'S MOTION FOR |
| MARK T. CASE, and JANE DOE ) | SUMMARY JUDGMENT |
| CASE, husband and wife; SUTTELL & ) | |
| HAMMER, P.S., SUTTELL & ) | |
| ASSOCIATES, P.S., CAITLIN R. ) | |
| FINLEY and JOHN DOE FINLEY, ) | |
| wife and husband, and MALISA L. ) | |
| GURULE and JOHN DOE GURULE, ) | |
| wife and husband, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -1-

I. Introduction

In August 2008, Plaintiff Laura Vance paid in full (by cashier's check) a Judgment entered on June 13, 2008 against her in favor of HSBC. Ms. Vance contacted the Suttell office several times, to obtain the payment amount, directions on the proper address and procedure for making the payment, and then to inform them the payment was mailed. Plaintiff Vance and her husband followed the instructions of the Defendants in this case. In addition, Plaintiff Vance and her husband sent a copy of the Writ of Garnishment that had been served on her former employer. The Defendants are all "debt collectors" as defined by federal law regulating their conduct acting as attorneys for HSBC.

Despite the full payment of the Judgment, the Defendants repeatedly continued to attempt to collect the Judgment that had been fully paid. Plaintiff Vance and her husband repeatedly informed the Defendants that the Judgment had been paid.

In June 2008, Defendants obtained a Writ of garnishment against Ms. Vance's former employer (Ms. Vance had changed jobs before the writ was issued). After the Judgment was fully paid, the Defendants failed to quash the garnishment forcing Ms. Vance's former employer to answer the writ in October 2008. The Vance's received a copy of that employer's answer and again contacted Suttell, P.S. to remind them the Judgment had been paid.  The Vance's were

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -2-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

attempting to refinance their house, and the Judgment (without showing satisfaction) appeared on their credit report. The lender contacted Suttell, P.S. with the information that the Vance's said the Judgment had been paid.

In December 2008, the Judgment was still showing as unpaid on the Vance's credit report so they again contacted Suttell, P.S. to inform them the Judgment had been paid.  The Vance's spoke to several Suttell, P.S. employees including eventually attorney Mark Case. They informed Mr. Case the name of the case, the number of the case, the name of the Defendant (Laura Vance), and that the Judgment had been paid and then faxed a copy of the cashier's check showing full payment to the Suttell, P.S. fax phone number as requested by Mr. Case.

The Defendants then filed three (3) supplemental proceedings against the Plaintiff (in this case) Laura Vance obtaining court orders requiring the Plaintiff to appear in Spokane County Superior Court to identify all of her assets under penalty of contempt of court. On one occasion, the Plaintiff and her husband met with Mr. Case (at the courthouse), identified Ms. Vance as the former judgment debtor (that Mr. Case had summoned for the supplemental proceedings), and reminded him of their earlier conversation and reminded him the Judgment had been fully paid. Nonetheless, Suttell, P.S. obtained another court order requiring Plaintiff Vance (in this suit) to appear before the judge in state court for supplemental collection proceedings. Plaintiff Vance repeatedly informed several different Suttell, P.S.

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -3-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

employees that she had paid the Judgment in full. She even met in person with

Suttell, P.S. attorney, Defendant Mark Case to remind him she had paid the

Judgment in full. She provided Mr. Case with a copy of the cashier's check with

which she had paid the Judgment.

But Defendants failed and/or refused to file a Satisfaction of Judgment.

Defendants failed and/or refused to quash the garnishment Defendants had

instituted against Plaintiff Laura Vance, attempting to garnish her wages from her

former employer.  Defendants repeatedly signed sworn false statements under oath

that the debt remained due and owing (after it had been fully paid many months

before) which Defendants filed with the Spokane County Superior Court in order

to obtain a Court Order directing Plaintiff Vance to appear for Supplemental

Proceedings at the Spokane County Courthouse three (3) times under threat of

contempt of court.

The Defendants violated the Fair Debt Collection Practices Act by making

misrepresentations and engaging in unfair practices regulated and prohibited by the

statute. Defendants Mark T. Case, Suttell & Hammer, P.S., Caitlin Finley and

Malisa Gurule each violated 15 USC 1692e[1] (misrepresentations), including but

---

[1] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -4-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

not limited to 1692e(2)(A)[2], and § 1692e(5).[3]  The Defendants also each violated 15 USC 1692f (unfair practices), including but not limited to 1692f(1)[4] by using "unfair or unconscionable means to collect or attempt to collect any debt", including by attempting to collect a Judgment that had been paid in full.

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); *see, e.g.,* § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt"); § 1692f (prohibiting the use of any "unfair or unconscionable means to collect or attempt to collect any debt"). "[T]he purpose

general application of the foregoing, the following conduct is a violation of this section:" [sets forth specified violations].

[2] "The false representation of--    (A) the character, amount, or legal status of any debt".  15 USC 1692e (2)(A).

[3] "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 USC 1692e(5).

[4] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law".15 USC 1692f(1).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -5-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

of the FDCPA is to protect consumers broadly from improper practices and the statute is to be interpreted liberally for this purpose." *Riley v. Giguiere,* 631 F.Supp.2d 1295, 1305 (E.D.Cal.2009) (citing *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1171, 1175 (9th Cir.2006)).

The FDCPA  is a strict liability statute that "makes debt collectors liable for violations [even if ] the violations are not knowing or intentional." *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010) (quoting *Recihert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002, 1005 (9th Cir.2008)) (internal quotation marks omitted).

## II. Facts

On June 13, 2008, the Defendants obtained a Default Judgment in the amount of $3,610.57, in favor of HSBC Bank Nevada, N.A. ("HSBC") against Plaintiff Laura Vance. (Pl.'s Fact No. 20). On July 16, 2008, one of the Suttell attorneys[5] obtained a Writ of Garnishment against Spokane Advance Imaging

---

[5] The "declaration" for garnishment was not signed.  The writ should not have been issued since : "The judgment creditor as the plaintiff or someone in the judgment creditor's behalf shall **apply for a writ of garnishment by affidavit, stating** the following facts: (1) The plaintiff has a judgment wholly or partially unsatisfied in the court from which the writ is sought; (2) the amount alleged to be due under that judgment; **(3) the plaintiff has reason to believe, and does believe that the**

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6-

Institute, but Laura Vance no longer was employed there[6]. In late July of 2008, Plaintiff Laura Vance received notice that the Defendants had garnished her former employer. (Pl.'s Fact No. 22).

On August 4, 2008, in response to the notice of garnishment, the Plaintiff and her husband, Michael Vance, contacted the employees at Suttell, P.S. to arrange payment of the Judgment to avoid further garnishment. The Suttell, P.S. employees instructed the Vances regarding payment instructions, including directing the Vance's to send a certified check and confirmation of the amount owed for a payoff, and providing the address where Suttell, P.S. directed the payment be made. (Pl.'s Fact No. 23-25).  Plaintiff Laura Vance and her husband followed these instructions precisely.  On August 5, 2008, the very next day, Plaintiff Laura Vance contacted Suttell, P.S. and informed them it would take 7-10 business days for the paperwork to be processed for her husband Michael Vance to

**garnishee, stating the garnishee's name and residence or place of business, is indebted to the defendant** in amounts exceeding those exempted from garnishment by any state or federal law, or that the garnishee has possession or control of personal property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law; and (4) whether or not the garnishee is the employer of the judgment debtor.

Wash. Rev. Code Ann. § 6.27.060 .

[6] See above.

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -7-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

cash out his pension. (Pl.'s Fact No. 27). On August 14, 2008, Plaintiff again

contacted Suttell, P.S. and informed them she would have the funds to pay the

Judgment in full the next day. (Pl.'s Fact No. 28)

On August 20, 2008, Plaintiff's husband Michael Vance contacted Suttell,

P.S. and informed them he was sending a cashier's check that day for the full

amount of the Laura Vance Judgment. (Pl.'s Fact No. 29). On August 20, 2008,

Plaintiff's husband Michael Vance cashed out his entire pension and obtained a

cashier's check payable to Suttell, P.S. in the amount of $3,610.57, the exact

amount of the Laura Vance Judgment. (Pl.'s Fact No. 30). The cashier's check was

labeled "GARNISHMENT PAYOFF." (Pl.'s Fact No. 32). The same day, the

Vances mailed the check to Suttell, P.S. with a copy of the Writ of Garnishment.

(Pl.'s Fact No. 33).  The envelope listed the Vance's return address. (Pl.'s Fact No.

34).

On or about August 25, 2008, Suttell, P.S. received the cashier's check.

(Pl.'s Fact No. 35). Sharon Hunter, an employee of Suttell, P.S., received the

cashier's check and sent Karen Hammer (a Suttell, P.S. principle attorney), a one

(1) sentence email requesting permission to apply the check to the account of

"Michael G. Vance." (Pl.'s Fact No. 36). Michael G. Vance was not garnished, did

not have a Judgment entered against him, had a different address, and was recently

dunned for a lesser amount. (Pl.'s Fact No. 37). Karen Hammer replied, "Yes

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -8-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

apply as SIF – thanks!" (Pl.'s Fact No. 38). Suttell, P.S. did not satisfy the Judgment against the Plaintiff and did not release the garnishment. (Pl.'s Fact No. 41). On August 26, 2008, the cashier's check was deposited in a Suttell, P.S. account identified as "Midland YGC." (Pl.'s Fact No. 39-40).  "Midland YGC" is not a trust account. (Pl.'s Fact No. 40).

Sometime in September of 2008, Plaintiff received a copy of her employer's second Answer to the Writ of Garnishment. The employer was forced to fill out and serve a second Answer due to the Defendants' failure to enter a full satisfaction of Judgment.

On October 21, 2008, in response to receiving a second answer, Plaintiff's husband Michael Vance contacted Suttell, P.S. and informed them that the Judgment had been paid in full. (Pl.'s Fact No. 42). On December 8, 2008, Plaintiff's husband again called Suttell, P.S., spoke with Defendant Mark T. Case and told him the garnishment should be released because the Judgment was paid in full. Defendant Mark Case demanded proof but did nothing else. (Pl.'s Fact No. 43). Later that day, Plaintiff's husband faxed a copy of the cashier's check to Suttell, P.S. with a handwritten remark "Attn Mark Case." (Pl.'s Fact No. 44). Defendant Case received the fax and left Plaintiff a voicemail acknowledging that the check was applied to another debtor's account. (Pl.'s Fact No. 45).  Defendant Mark Case took no further action. (Pl.'s Fact No. 47).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -9-

On February 6, 2009, Defendant Caitlin R. Finley signed a Motion and Declaration for Order for Supplemental Proceedings and Proposed Order. (Pl.'s Fact No. 48). Defendant Finley swore under oath that the "judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00." That statement was false. (Pl.'s Fact No. 49). The Suttell, P.S. collection notes indicated that Plaintiff contacted Suttell, P.S. and claimed the Judgment was paid in full. (Pl.'s Fact No. 42-43). Defendant Finley testified that it was not the procedure to review the file or notes before signing a Declaration for Supplemental Proceedings because it would be too time consuming. (Pl.'s Fact No. 57-58).

On February 19, 2009, the Proposed Order was presented ex parte to a Spokane County Superior Court Judge Pro Tem, signed and entered based on Defendant Caitlin Finley's false sworn representation. (Pl.'s Fact No. 60). Plaintiff was ordered to appear in Court on April 2, 2009. (Pl.'s Fact No. 61).

On April 2, 2009, Plaintiff Laura Vance appeared with her husband Michael Vance at the Spokane County Superior Courthouse. (Pl.'s Fact No. 65). Defendant Mark Case appeared on behalf of HSBC. (Pl.'s Fact No. 67). The Vances again told Defendant Mark Case that the HSBC Judgment had been paid in full. (Pl.'s Fact No. 68). Defendant Mark Case allowed the Vances to leave without conducting the Supplemental Proceeding because the Order for Supplemental

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Proceedings was not properly docketed. (Pl.'s Fact No. 69). Defendant Case later "did not remember Mr. Vance or Laura Vance's name upon return" to his office and did nothing to properly apply the full payment. (Pl.'s Fact No. 70).

On September 23, 2009, Defendant Malisa L. Gurule signed a second Motion and Declaration for Order for Supplemental Proceedings and Proposed Order. (Pl.'s Fact No. 73). Defendant Gurule also swore under oath that the "judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00." That statement was false. (Pl.'s Fact No. 74). On October 13, 2009, the second Proposed Order was presented ex parte to a Spokane County Superior Court Judge Pro Tem, signed and entered based on Defendant Malisa Gurule's false sworn representation. (Pl.'s Fact No. 77). Plaintiff Laura Vance was again ordered to appear in Court on November 12, 2009. (Pl.'s Fact No. 83).

On October 20, 2009, "Liz", a loan officer from Quicken Loans, contacted Suttell, P.S. regarding the HSBC Judgment. The loan officer told an employee of Suttell, P.S. she had a copy of the cashier's check used to pay the HSBC Judgment in full. The loan officer requested the Defendants enter a Satisfaction of Judgment so that the loan could go through. The Defendants did not enter a Satisfaction of Judgment or investigate the loan officer's claims. Instead, the Defendants proceeded with the pending Supplemental Proceedings. (Pl.'s Fact No. 72).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -11-

On November 12, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at the Spokane County Superior Court with counsel and requested a hearing to determine if the elements of RCW 50.12.070 were met.  Defendant Mark Case objected to the hearing. The Court declined to hold a hearing on that date and continued the matter to November 18, 2009. (Pl.'s Fact No. 85).

On November 18, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at Spokane County Superior Court for the hearing set at that time. The state court dismissed the supplemental proceeding and imposed terms against Defendant Case in the amount of Nine Hundred Ninety Six Dollars and Fifty Three Cents ($996.53). (Pl.'s Fact No. 87). The Defendants finally entered a Satisfaction of Judgment and ceased attempting to collect the debt, paid in full over a year earlier. (Pl.'s Fact No. 89).

## II. SUMMARY JUDGMENT STANDARD

Summary Judgment is proper if *"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."* Fed. R. Civ. P. 56(c). The decision to grant or deny Summary Judgment is predicated on the evidentiary burden as set forth in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby,*

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -12-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

If the record could not lead a rational trier of fact to find for the nonmoving party, there is no "*genuine issue for trial,*" the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-323. The nonmoving party bears the burden of establishing that genuine issue of material fact exists. *Id*. The nonmoving party "*may not rest upon the mere allegations or denials of [the party's] pleadings, but…must set forth specific facts showing that there is genuine issue for trial.*" Fed. R. Civ. P. 56(e); *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Notably, a party's naked allegations and speculation are insufficient to create a genuine issue of material fact and withstand Summary Judgment. *Roley v. New World Pictures*, 19 F.3d 479, 482 (9th Cir. 1994). In this case, no genuine issues of material fact exist. Plaintiff Laura Vance is entitled to Judgment as a matter of law.

### III. APPLICATION OF THE FDCPA

#### A. Strict Liability

The FDCPA prohibits debt collectors from engaging in various abusive and unfair practices. *See Heintz v. Jenkins,* 514 U.S. 291, 292–93, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). "The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

competitively disadvantaged; and to promote consistent state action to protect consumers. *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* --F.3d--, 2011 WL 746892, *5 (9th, Cir. 2011), *citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 U.S. 1605, 1608, 130 S.Ct. 1605, 1608–09, 176 L.Ed.2d 519 (2010). The statute defines a "debt collector" as one who "regularly collects ... debts owed or due or asserted to be owed or due another," 15 U.S.C. § 1692a(6), and covers lawyers who regularly collect debts through litigation, *Heintz,* 514 U.S. at 293–94, 115 S.Ct. 1489.

The FDCPA is a strict liability statute which holds debt collectors responsible for any failure to follow its requirements without regard to intent, knowledge or the willfulness of the violation. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162 (9th Cir. 2006); *Reichert v. National Credit Systems, Inc.,* 531 F.3d 1002, 1005 -1006 (9th Cir. 2008); *Jeter v Credit Bureau Inc,* 760 F. 2d 1168 (11th Cir. 1985); *See generally* W. Page, Prosser and Keeton on the Law Torts §75 (5th ed. 1984).  "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."  *Cacace v. Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1990).  *See also Stojanovski v. Strobl and Manoogian, P.C.,* 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 178–79 (W.D.N.Y. 1988).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -14-

In *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005 -1006 (C.A.9 (Ariz.), 2008) the court reaffirmed that:

> Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The FDCPA makes debt collectors liable for violations that are not knowing or intentional. See *Clark*, 460 F.3d at 1176 & n. 11.

A violation of the FDCPA is established if the plaintiff is a "consumer", the alleged obligation is a "debt", the action (or inaction) complained of was by a "debt collector", and the defendant either did something that is prohibited or failed to do something that is required by the FDCPA. 15 U.S.C. 1692a (3); 15 U.S.C. 1692a(5); 15 U.S.C. 1692a(6).

## B. Plaintiff is a "Consumer"

The term "consumer" means "any natural person obligated or allegedly obligated to pay any debt". 15 U.S.C. 1692a(3). Defendants admitted that Plaintiff Laura Vance is a natural person. (Pl.'s Fact No. 1) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.2 ¶ 3.2). The Defendants have alleged she owes a debt in the State Court Collection Lawsuit. (Pl.'s Facts No. 2-7) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.2 ¶ 3.3). Plaintiff Laura Vance is a "consumer" as defined by the FDCPA. 15 U.S.C. 1692a(3).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -15-

C.  The Alleged Obligation was a "debt"

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. 1692a(5). The alleged debt in this case arises from an HSBC credit card used by the Plaintiff for personal, family and household purposes. (Pl.'s Fact No. 7). The Defendants were attempting to collect a "debt" as defined by 15 U.S.C. 1692a(5). The obligation allegedly owed by Plaintiff Vance was a "debt". 15 U.S.C. 1692a (5). (Pl.'s Fact No. 7).

D.  Defendants Suttell & Hammer, P.S., Mark T. Case, Malisa Gurule and Caitlin Finley are each a "debt collector." 15 U.S.C. § 1692a(6).

All Defendants admitted being a "debt collector." (Pl.'s Facts No. 9-12). (ECF No. 27, *Defendants' Answer to Amended Complaint*, Suttell & Hammer, P.S., p. 4 ¶ 3.15; Mark T. Case, p. 5 ¶ 3.23; Caitlin Finley, p. 5 ¶ 3.26; Malisa Gurule, p. 6 ¶ 3.29).

The FDCPA applies to the Defendants actions because they are "debt collectors" (15 USC § 1692a (6), who were attempting to collect a "debt" (15 USC § 1692a(5)) from a "consumer" (15 USC § 1692a(3)).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16-

The three (3) subject matter jurisdictional elements of the FDCPA,

"consumer", "debt", and "debt collector" are satisfied.

## IV. DEFENDANTS VIOLATED § 1691e AND § 1691f OF THE FDCPA BY PERSISTENTLY ATTEMPTING TO COLLECT A JUDGMENT PAID IN FULL

### A. False or Misleading Representations – Unfair Practice

15 USC § 1692e.   False or misleading representations [Section 807 of P.L.] provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)    The false representation of--
> (A) the character, amount, or legal status of any debt.
>                                   ***
> (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.

The Defendants falsely represented the amount of the debt by claiming

amounts due when the debt was in fact paid in full. The Defendants took action

that could not legally be taken when they garnished Plaintiff Vance and conducted

supplemental proceedings which may only be done if "a judgment exists for a sum

of $25.00 or over." RCW 6.32.010. The Judgment was satisfied in full.

The *FTC Official Commentary, 53 Fed. Reg. 50105* assists in interpretation

of this section:

SECTION 807--FALSE OR MISLEADING REPRESENTATIONS

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -17-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Section 807 prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." It provides sixteen (16) examples of false or misleading representations.

> 1. *Scope*. Prohibited actions are not limited to the sixteen subsections listed as examples of activities that violate this provision. In addition, section 807(10), which prohibits the "use of any false representation or deceptive means" by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections.

Section 807(2) prohibits falsely representing either "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by" the collector.

The FDCPA also prohibits a debt collector from using either "unfair or unconscionable means to collect ... any debt," 15 U.S.C. § 1692f or "any false, deceptive, or misleading ... means in connection with the collection of any debt" *id.* § 1692e.

"The FDCPA measures a debt collector's behavior according to an objective "least sophisticated debtor" standard. *Clark,* 460 F.3d at 1171. This standard "'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking, and the credulous.'" *Id.* (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318–19 (2d Cir.1993) (alteration and ellipsis in original)). *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Smith v. Transworld Systems, Inc.*, 953

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -18-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

F.2d 1025 (6th Cir. 1992); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.

1991); *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985); *see Swanson v.*

*Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988); *Baker v.*

*G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *See also Graziano v.*

*Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

The FDCPA imposes strict liability on creditors, including liability "for

violations that are not knowing or intentional." *Reichert,* 531 F.3d at 1005;

*McCollough*, 637 F.3d 939.

On August 26, 2008, Plaintiff Vance paid the Defendants the full amount of

the HSBC Judgment, thus satisfying the Judgment in full. (Pl.'s Fact No. 39).

Black's law dictionary defines satisfaction as "2. [t]he fulfillment of an obligation;

especially, the payment in full of a debt. *Black's Law Dictionary*, 1370 (8th ed.

2004). Where a partial payment is tendered as full satisfaction of a Judgment, and

the creditor accepts it, an accord and satisfaction is effected. C.J.S. Accord and

Satisfaction § 54; *Burlington Northern Railroad Co. v. Grabber Const. Supply,*

*Inc.,* 55 Wn.App. 772, 778, 780 P.2d 890 (1989), review denied, 114 Wn.2d 1004

(1990)*; Revelle v. Hamilton*, 99 Wash. App. 1017 (Wash. Ct. App. 2000).

After payment was accepted, the Defendants did not stop the pending

garnishment. Instead, the Defendants continued to misrepresent that the Judgment

had not been paid and continued attempting to collect the full amount, including by

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -19-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

seeking orders commanding Plaintiff Vance to appear at supplemental

proceedings.

RCW 6.32.010 requires, as statutory perquisite to supplemental proceedings,

that "a judgment exist for a sum of $25.00 or over." RCW 6.32.010. This

prerequisite condition was not met as to Plaintiff Laura Vance because the

Judgment was fully satisfied. Nevertheless, on February 6, 2009, Defendant Finley

falsely swore under penalty of perjury that the HSBC Judgment had an unpaid

balance exceeding $25.00[7]. (Pl.'s Fact No. 49). On September 23, 2009, Defendant

Malisa Gurule falsely swore to the same. (Pl.'s Fact No. 74). Each false statement

was communicated to Plaintiff Vance and the Court. Based on the false statements,

Plaintiff Vance was required to twice appear for supplemental proceedings. Both

Defendant Gurule and Defendant Finley admit that they would not have signed the

declarations if they had reviewed their collector's notes but did not do so because it

would be too time consuming. (Pl.'s Fact No. 51-58, 76-80).

The FDCPA applies to the "purely legal activities of lawyers" and thus

covers the filing of a declaration in support of supplemental proceedings. *Fox*, 15

F.3d 1507 (9th Cir. 1994) (false and misleading application for writ of garnishment

---

[7] Perjury conviction upheld where the Defendant "signed [an affidavit] without

thoroughly reading it and did not know it contained the false statement." *State v.

Jacobson* , 74 Wash.App. 715, 725, 876 P.2d 916, 921 (Wash.App. Div. 1, 1994).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -20-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

covered by the FDCPA), *See also McCollough,* --F.3d--, 2011 WL 746892, *5 (9th, Cir. 2011) (Request for attorney fee's without admissible evidence of a contract allowing fees violates the FDCPA – requests for admission of false statements of fact violates FDCPA); *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 228, 230-32 (4th. Cir. 2007) (FDCPA applies to allegedly erroneous statements made by defendant law firm in interrogatories and summary judgment motion during the course of a state court collection suits). The Defendants misrepresented the amount of the Judgment unsatisfied in violation of 15 USC § 1692e especially § 1692e(2)(A) (false representation of the character, amount, or legal status of any debt") and § 1692e(5) (threat to take action that cannot legally be taken).

The Defendants' conduct is also an unfair practice in violation of 15 USC 1692f, which states that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

It is a statutory perquisite to supplemental proceedings that an unsatisfied Judgment of $25.00 or more exist. RCW 6.32.010. It is a material misrepresentation regarding the status of a Judgment pursuant to 15 USC § 1692e

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -21-

to swear that a Judgment of $25.00 or more remained unsatisfied when that is not true. *See* 15 USC § 1692f(1).

It is unfair and unconscionable for the Defendants to continue to attempt to collect the HSBC Judgment for over a year after Plaintiff Vance paid the Judgment in full. The unfairness is compounded by the multiple occasions the Defendants ignored the Plaintiff's pleas to stop collection:

1. On August 26, 2008, the Defendants deposited the Plaintiff's cashier's check paying the HSBC Judgment in full but without entering a Satisfaction of Judgment. (Pl.'s Fact No. 39).

2. On December 8, 2008, Plaintiff's husband Michael Vance spoke with Defendant Mark Case, told him to release the garnishment because the Judgment was paid in full and faxed a copy of the cashier's check to prove payment. Defendant Mark Case received the faxed cashier's check, but did not quash the garnishment or satisfy the Judgment. (Pl.'s Fact Nos. 43-45).

3. On December 9, 2008, Defendant Mark Case left Plaintiff's husband a message acknowledging that Suttell, P.S. deposited the cashier's check paying the Judgment in full, but did not enter a satisfaction of Judgment. (Pl.'s Fact No. 46).

4. On February 6, 2009, Defendant Caitlin Finley signed a Motion and Declaration for Supplemental Proceedings prepared by someone else. (Pl.'s

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -22-

Fact No. 48). The Motion and Declaration contained the false statement that the HSBC Judgment remained unsatisfied in an amount greater than $25.00. (Pl.'s Fact No. 49). Defendant Finley signed the Motion and Order without investigating that fact. (Pl.'s Fact No. 54). The Motion and Order were served on the Plaintiff and filed with the Court. (Pl.'s Fact No. 63).

5.  On April 2, 2009, Plaintiff Laura Vance and her husband met with Defendant Case in person at Spokane Superior Court and again told him the Judgment was paid in full in August of 2008. (Pl.'s Fact No. 65). Defendant Case did nothing. (Pl.'s Fact No. 70-71).

6.  On September 23, 2009, Defendant Malisa Gurule signed a Motion and Declaration for Supplemental Proceedings prepared by someone else. (Pl.'s Fact No. 73). The Motion and Declaration contained the false statement that the HSBC Judgment remained unsatisfied in an amount greater than $25.00. (Pl.'s Fact No. 74). Defendant Gurule signed the Motion and Order without investigating that fact. (Pl.'s Fact No. 79). The Motion and Order were served on the Plaintiff and filed with the Court. (Pl.'s Fact No. 84).

The FDCPA is a strict liability statute which holds debt collectors responsible for any failure to follow its requirements without regard to intent, knowledge or the willfulness of the violation. *Clark*, 460 F.3d 1162 (9th Cir. 2006).

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -23-

The Defendants took the Plaintiff's money and dismissively ignored the Plaintiff's multiple pleas to release the garnishment, satisfy the Judgment and leave her alone. The Defendants' actions were in blatant disregard for the Plaintiff's rights, and in violation of the FDCPA, 15 USC § 1692e (false, misleading and deceptive), and 1692f (unfair and unconscionable).

V. Conclusion

Based on the foregoing, the Plaintiff is entitled to Summary Judgment on FDCPA liability.

DATED this 9th day of August, 2011.

*Michael D. Kinkley P.S.*                          *Michael D. Kinkley P.S.*

/s Michael D. Kinkley                               /s Scott M. Kinkley
  Michael D. Kinkley                                  Scott M. Kinkley
  WSBA # 11624                                       WSBA # 42434
  Attorney for Plaintiff                             Attorney for Plaintiff

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -24-

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Michael D. Kinkley        mkinkley@qwestoffice.net, pleadings@qwestoffice.net, pwittry@qwestoffice.net;

Scott M. Kinkley         skinkley@qwestoffice.net;

Heath M. Irvine         heathmirvine@msn.com;

Carl E. Hueber          ceh@winstoncashatt.com

Michael D. Kinkley P.S.

s/Scott M. Kinkley
Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT -25-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611