Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Heath M. Irvine
Law Offices of Heath M. Irvine
6107 N. Astor
Spokane, WA 99208
(509) 489-9500
(509) 487-1346 FAX

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

LAURA VANCE,                                    )
                                                )
              Plaintiff,                        )    Case No.: CV-10-036-LRS
                                                )
       vs.                                      )
                                                )    PLAINTIFF'S LOCAL RULE 56.1
MARK T. CASE, and JANE DOE                      )    STATEMENT OF FACTS
CASE, husband and wife; SUTTELL &               )
HAMMER, P.S., SUTTELL &                         )
ASSOCIATES, P.S., CAITLIN R.                    )
FINLEY and JOHN DOE FINLEY,                     )
wife and husband, and MALISA L.                 )
GURULE and JOHN DOE GURULE,                     )
wife and husband,                               )
                                                )
              Defendants.                       )
_____ )

STATEMENT OF FACTS -1-                      MICHAEL D. KINKLEY P.S.
                                              4407 N. Division, Suite 914
                                              Spokane Washington 99207
                                                  (509) 484-5611

Plaintiff submits the following statements of undisputed facts in support of Plaintiff's Motion for Summary Judgment and pursuant to LR 56.1.

## I. STATEMENT OF FACTS

### A. <u>Facts related to "Debt", 15 USC § 1692a(5)</u>

1. Defendant Suttell, P.S. admitted that it was attempting to collect a "debt" as defined by 15 USC § 1692a(5) i.e. an "alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 2 ¶ 3.4).

2. Defendant Mark T. Case admitted that he was attempting to collect a "debt" as defined by 15 USC § 1692a(5) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 3 ¶ 3.8).

3. Defendant Caitlin Finley admitted that she was attempting to collect a "debt" as defined by 15 USC § 1692a(5) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 3 ¶ 3.10).

4. Defendant Malisa Gurule admitted that she was attempting to collect a "debt" as defined by 15 USC § 1692a(5) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 4 ¶ 3.12).

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5. Defendants admitted they were each attempting to collect a debt from Plaintiff Laura Vance on behalf of HSBC Bank Nevada, N.A. ("HSBC") (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 10 ¶ 5.2).

6. The alleged HSBC debt was for a credit card debt used only for personal family and household purposes. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 2).

### B. Facts related to "Consumer", 15 USC § 1692a(3)

7. Plaintiff Laura Vance is a natural person alleged by the defendants to have owed a "debt" as defined by 15 USC § 1692a(5) (ECF No. 27, *Defendants' Answer to Amended Complaint*, p.2 ¶ 3.2-3.3).

8. Plaintiff Laura Vance is a "consumer" as defined by 15 USC § 1692a(3). (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.2 ¶ 3.2-3.3).

### C. Facts related to "Debt Collector", 15 USC § 1692a(6)

9. Defendant Suttell & Hammer, P.S (formerly known as Suttell & Associates, P.S.)("Suttell, P.S.") admitted that it is a "debt collector" as defined by 15 USC § 1692a(6). (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 4 ¶ 3.15 and ¶ 3.19).

10. Defendant Mark T. Case admitted that he is a "debt collector" as defined by 15 USC § 1692a(6) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.5 ¶ 3.23).

STATEMENT OF FACTS -3-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

11. Defendant Caitlin Finley admitted that she is a "debt collector" as defined by 15 USC § 1692a(6) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.5 ¶ 3.26).

12. Defendant Malisa Gurule admitted that she is a "debt collector" as defined by 15 USC § 1692a(6) (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 6 ¶ 3.29).

13. Defendant Suttell & Hammer, P.S. admitted that it uses interstate commerce or the mails for the collection of debts (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 4 ¶ 3.16).

14. Defendant Mark Case admitted that he uses interstate commerce or the mails for the collection of debts (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 5 ¶ 3.24).

15. Defendant Caitlin Finley admitted that she uses interstate commerce or the mails for the collection of debts (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 5 ¶ 3.27).

16. Defendant Malisa Gurule admitted that she uses interstate commerce or the mails for the collection of debts (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 6 ¶ 3.30).

17. Defendant Suttell & Hammer, P.S. admitted it regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted

STATEMENT OF FACTS -4-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

to be owed or due another using the telephone and mail (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 4 ¶ 3.17).

18. Defendant Mark Case admitted he regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 5 ¶ 3.25).

19. Defendant Caitlin Finley admitted she regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 5 ¶ 3.28).

20. Defendant Malisa Gurule admitted she regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 6 ¶ 3.31).

D. Facts Related to Full Payment of the Debt

21. The Defendants admitted that on June 13, 2008, Suttell & Hammer, P.S. obtained a Default Judgment in favor of HSBC against Laura Vance in the amount of $3,610.57. (ECF No. 27, *Defendants' Answer to Amended Complaint, p.* 8 ¶ 5.2; ECF No. 48, Exhibit 6, *Order of Default Judgment*).

STATEMENT OF FACTS -5-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

22. The Defendants admitted that on July 16, 2008, Defendant Suttell, P.S. obtained a Writ of Garnishment in Spokane County Superior Court against Laura Vance's former employer Spokane Advanced Imaging Institute. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 9 ¶ 5.3).

23. In late July of 2008, Plaintiff Laura Vance received notice that the Defendants garnished her former employer. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 3).

24. In response to the garnishment, the Plaintiff and her husband, Michael Vance, contacted Suttell, P.S. for payment instructions. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 4).

25. On August 4, 2008, Plaintiff Laura Vance called Suttell, P.S. and informed them her husband Michael Vance would be cashing out his pension in order to pay the Judgment in full. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes*, p. 11).

26. Defendant Malisa Gurule provided Plaintiff with an address and instructed Plaintiff to mail a cashier's check for the full amount of the Judgment. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 5; ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶3).

STATEMENT OF FACTS -6-

27. On August 5, 2008, Plaintiff Laura Vance contacted Suttell, P.S. and informed them it would take 7-10 business days for the paperwork to be processed for her husband Michael Vance to cash out his pension. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes,* p. 30).

28. On August 14, 2008, Plaintiff Laura Vance again contacted Suttell, P.S. and informed them she would have the funds to pay the Judgment in full the next day. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes,* p. 30).

29. On August 20, 2008, Plaintiff's husband Michael Vance contacted Suttell, P.S. and informed them he was sending a cashier's check for the full amount of the Judgment that day. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes,* p. 30).

30. On August 20, 2008, Michael M. Vance cashed out his pension and obtained a cashier's check payable to Suttell, P.S. in the amount of $3,610.57, the exact amount of the Laura Vance Judgment. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 6). ECF No. 52-1, Exhibit 2, *Cashier's Check*; ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶4.

31. On August 20, 2008, Plaintiff sent Defendants a cashier's check for the full amount of the Judgment. ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 8; ECF No. 52-1, Exhibit 2, *Cashier's Check*, ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶5-6.

STATEMENT OF FACTS -7-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

32. The cashier's check was labeled "GARNISHMENT PAYOFF." (ECF No. 52-1, Exhibit 2, *Cashier's Check*; ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶4).

33. The Vance's mailed the check to Suttell, P.S. with a copy of the Writ of Garnishment. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 8; ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶6).

34. The envelope provided the Vance's return address. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 8 ECF No. 53, *Decl. Michael M. Vance*, p.2, ¶7).

<u>E. Facts Related to Defendants Receipt of the Payoff Funds</u>

35. On or about August 25, 2008, Defendant Suttell, P.S. received the cashier's check. (ECF No. 48-1, Exhibit A, *Michael G. Vance JST Notes*).

36. Sharon Hunter, an employee of Suttell, P.S., received the cashier's check and sent Karen Hammer (a Suttell, P.S. principle attorney), a one (1) sentence email requesting permission to apply the check to the account of "Michael G. Vance." (ECF No. 48-1, Exhibit A, *Michael G. Vance JST Notes*).

37. Michael G. Vance was not garnished, did not have a Judgment entered against him, had a different address, and was recently sent a letter demanding payment of a lesser amount for a different owed to a different creditor. (ECF No. 48-1, Exhibit A, *Michael G. Vance JST Notes*).

STATEMENT OF FACTS -8-     MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

38. Karen Hammer replied, "Yes apply as SIF – thanks!"  (ECF No. 48-1, p. 13, Exhibit A, *Michael G. Vance JST Notes*).

39. The Defendants admitted that on August 26, 2008, Defendant Suttell, P.S. deposited the cashier's check in the exact amount of the HSBC Judgment entered against the Plaintiff. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 10 ¶ 5.16; ECF No. 52-1, Exhibit 2, *Cashier's Check*).

40. The cashier's check was deposited in a non-trust account identified as "Midland YGC" and transferred to Midland Credit Management, Inc. (Ct. Rec.48-1, Exhibit A, *Michael G. Vance JST Notes*).

41. The Defendants admitted that they did not immediately quash the garnishment or enter a Satisfaction of Judgment after receiving payment. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p.11 ¶ 5.22).

F. Facts Related to the October and December '08 Requests to Satisfy Judgment

42. On October 21, 2008, Plaintiff's husband Michael Vance contacted Suttell, P.S. and informed them that the Judgment had been paid in full. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes,* p. 31; ECF No. 53, *Decl. Michael M. Vance*, p.3, ¶8-9).

43. On December 8, 2008, Plaintiff's husband called Defendant Suttell, P.S., spoke with Defendant Mark T. Case and told him the garnishment should

STATEMENT OF FACTS -9-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

be released because the Judgment was paid in full. Defendant Mark Case provided instructions to fax him proof of payment, but did nothing else. (ECF No. 52, *Decl. Laura Vance*, p. 2 ¶ 9; ECF No. 53, *Decl. Michael M. Vance*, p.3, ¶10-13).

44. Later on December 8, 2008, Plaintiff's husband faxed a copy of the cashier's check to Suttell, P.S. with a handwritten remark "Attn Mark Case." (ECF No. 52, *Decl. Laura Vance*, p. 3 ¶ 10; ECF No. 52-1, Exhibit 5, *Faxed Copy of Cashier's Check;* ECF No. 53, *Decl. Michael M. Vance*, p.3, ¶10-13).

45. Defendant Case received the fax and left Plaintiff a voicemail acknowledging that the check was applied to another account and that it should have been applied to Laura Vance's account. (ECF No. 52, *Decl. Laura Vance*, p. 3 ¶ 13; ECF No. 53, *Decl. Michael M. Vance*, p.3, ¶10-13).

46. On December 9, 2008, Defendant Mark Case left the following message with Michael Vance: "Mr. Vance, Mark Case with Suttell and Associates returning your phone call, please give me a call back 425-455-8220 I'm at extension 108.  If I do not answer your call, please leave your wife's first name as well because I believe that was the account this was under. We did find your payment… um, it looks like it applied to an account

STATEMENT OF FACTS -10-                MICHAEL D. KINKLEY P.S.
                                       4407 N. Division, Suite 914
                                       Spokane Washington 99207
                                       (509) 484-5611

under your name it provided for settlement on that account but I'm not sure what happened with the other one. Again 425-455-8220 extension 108, thank you, bye." (ECF No. 52, *Decl. Laura Vance*, p. 3 ¶ 13; ECF No. 53, *Decl. Michael M. Vance*, p.3, ¶10-13).

47. Defendant Mark Case did nothing to stop the garnishment, enter a satisfaction of the HSBC Judgment, return the money, or correct Suttell, P.S.'s computer records. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes*).

<u>G. Facts Related to the February '09 Caitlin Finley
Motion and Order for Supplemental Proceedings</u>

48. The Defendants admitted that on February 6, 2009, Defendant Caitlin R. Finley on behalf of Defendant Suttell, P.S., signed a Motion and Declaration for Order for Supplemental Proceedings and Proposed Order. (ECF No. 27, *Defendants' Answer to Amended Complaint*, p. 13 ¶ 5.31; ECF No. 54-3, Exhibit 8, *C. Finley Decl. for Supp. Proceedings*).

49. The Defendants admitted that Defendant Finley swore under oath that the "judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00." (ECF No. 54-3, Exhibit 8, *C. Finley Decl. for Supp. Proceedings*; ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 13 ¶ 5.32). That statement

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

was false. (ECF No. 52-1, Exhibit 2, *Cashier's Check*; ECF No. 54-6, *Dep. C. Finley*, p. 42-45).

50. The full balance of the HSBC Judgment was paid in full prior to the February 6, 2009 Declaration for Examination of Judgment Debtor (ECF No. 54-10, *Dep. K. Hammer*, p. 98, ln 21-25).

51. The statement signed by Caitlin Finley stating the Judgment balance was unsatisfied was prepared by a non-attorney employee at Suttell, P.S. and would have been presented to Defendant Finley along with a stack of Declarations for multiple unrelated cases. (ECF No. 54-6, *Dep. C. Finley*, p. 46-47).

52. Defendant Finley was presented with as many as twenty (20) to thirty (30) "packages" for supplemental proceedings and would spend approximately fifteen (15) minutes signing the pleadings. *Id.* (ECF No. 54-6, *Dep. C. Finley*, p. 46-47).

53. Defendant Finley worked for Suttell, P.S. for approximately six (6) months and signed as many as five hundred (500) Declarations for Supplemental Proceedings. She signed between fifteen (15) and sixty (60) declarations at a time (ECF No. 54-6, *Dep. C. Finley*, p. 46-47; p. 53, ln 21-25).

STATEMENT OF FACTS -12-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

54. Defendant Finley typically relied on a computer screen that showed a judgment date and balance due when signing the Declarations under oath instead of conducting an independent review of detailed case notes. (ECF No. 54-6, *Dep. C. Finley*, p. 50, ln 8-12).

55. Defendant Finley admits that she would not have signed the Declaration on the Vance matter if she had reviewed the case notes. (ECF No. 54-6, *Dep. C. Finley*, p. 58, ln 6-10).

56. Defendant Finley signed the untrue declaration relying on the work product of non-attorneys and the procedures given to her by Suttell, P.S. (ECF No. 54-6, *Dep. C. Finley*, p. 58, ln 11-15).

57. The procedure when signing Declarations for Supplemental Proceedings included looking at the financial summary screen and "not review all of the 20 pages or so of notes." ECF No. 54-6, *Dep. C. Finley*, p. 59, ln 8-12).

58. Defendant Finley testified that it would be too time consuming to review twenty (20) pages of notes before signing declarations because of the volume of cases that she was expected to produce. (ECF No. 54-6, *Dep. C. Finley*, p. 59, ln 13-21).

59. The Defendants admitted that on February 19, 2009, Defendant Suttell, P.S. presented the February 6, 2009 Declaration for Examination of

STATEMENT OF FACTS -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Judgment Debtor, along with a proposed Order and Proceedings

Supplemental to Execution and Order to Show Cause to the Spokane

County Superior Court. (ECF No. 27, *Defendants' Answer to Amended*

*Complaint,* p. 13 ¶ 5.35).

60. On February 19, 2009, based on the sworn statements contained in the

Declaration of Defendant Caitlin R. Finley, a Spokane County Superior

Court Commissioner signed the proposed Order presented by Defendant

Caitlin R. Finley. (ECF No. 54-6, *Dep. C. Finley*, p. 56-57).

61. The Defendants admitted that the Order ordered Laura Vance to appear in

Court on April 2, 2009. (ECF No. 27, *Defendants' Answer to Amended*

*Complaint,* p. 14 ¶ 5.39).

62. The Defendants admitted that the Order further stated that, "YOUR

FAILURE TO APPEAR SHALL BE CONSIDERED CONTEMPT OF

COURT AND A BENCH WARRANT FOR YOUR ARREST MAY

ISSUE." (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 14

¶ 5.37).

63. The Defendants admitted that on February 23, 2009, the February 6, 2009

Declaration and Order were filed with the Spokane County Superior

Court. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 14 ¶

5.38.)

STATEMENT OF FACTS -14-                    MICHAEL D. KINKLEY P.S.
                                            4407 N. Division, Suite 914
                                            Spokane Washington 99207
                                            (509) 484-5611

64. On February 19, 2009, the proposed Order was signed based on Defendant Caitlin Finley's false sworn representation. Plaintiff was ordered to appear in Court on April 2, 2009. (ECF No. 54-7, Exhibit 14, *February Order for Supp. Proceedings*).

### H. Facts Related to the April '09 Supplemental Proceeding

65. On April 2, 2009, Plaintiff Laura Vance appeared with her husband, Michael Vance at the Spokane County Superior Courthouse for the Supplemental Proceedings based on the Finley Declaration. (ECF No. 52, *Decl. Laura Vance*, p. 3 ¶ 14; ECF No. 27, *Defendants' Answer to Amended Complaint*, p. 14 ¶ 5.40).

66. Plaintiff Laura Vance and her husband Michael Vance incurred mileage expenses and were both forced to take time off of work to appear at the April 2, 2009, hearing. (ECF No. 52, *Decl. Laura Vance*, p. 4 ¶ 15).

67. Defendant Mark Case appeared on behalf of HSBC. (ECF No. 52, *Decl. Laura Vance*, p. 4 ¶ 16)

68. The Vances again told Defendant Mark Case that the HSBC Judgment had been paid in full. (ECF No. 52, *Decl. Laura Vance*, p. 4. ¶ 17).

69. Defendant Mark Case allowed the Vances to leave because the Order for Supplemental Proceedings was not properly docketed. ECF No. 53, *Decl. Michael M. Vance*, p.4, ¶15).

STATEMENT OF FACTS -15-

70. Defendant Case "did not remember Mr. Vance or Laura Vance's name upon return" to his office, and did nothing further to determine if Vance's paid the judgment. (ECF No. 54-9, Exhibit 16, *Suttell Response to Pl.'s 1st Interrog.*).

71. Defendant Case did nothing to prevent further collection activity against Laura Vance. ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes*, p. 15.

<u>I. Facts Related to the Quicken Loan Officer Inquiry and Request to Enter a Satisfaction of Judgment.</u>

72. On October 20, 2009, "Liz", a loan officer from Quicken Loans, contacted Defendant Mark Case regarding the Vance HSBC Judgment. The loan officer told Defendant Mark Case she had a copy of a cashier's check the Vance's claimed was used to satisfy the HSBC Judgment. The loan officer requested that Defendant Mark Case enter a Satisfaction of Judgment so the Vance's refinance could go through. Defendant Mark Case refused. (ECF No. 54-5, Exhibit 12, *Laura Vance JST Notes*, p. 15).

<u>J. Facts Related to the September '09 Malisa Gurule Motion and Order for Supplemental Proceedings</u>

73. The Defendants admitted that on September 23, 2009, Defendant Malisa L. Gurule signed a Motion and Declaration for Order for Supplemental Proceedings and Proposed Order. (ECF No. 54-4, Exhibit 9, *M. Gurule*

STATEMENT OF FACTS -16-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Decl. for Supp. Proceedings*; ECF No. 27, *Defendants' Answer to Amended Complaint*, p. 16 ¶ 5.51).

74. The Defendants admitted that Defendant Gurule swore under oath that the "judgment creditor has an unsatisfied judgment balance against the judgment debtor in an amount exceeding $25.00." (ECF No. 54-4, Exhibit 9, *M. Gurule Decl. for Supp. Proceedings*; ECF No. 27, *Defendants' Answer to Amended Complaint*, p. 16 ¶ 5.52). That statement was false. (ECF No. 52-1, Exhibit 2, *Cashier's Check*; ECF No. 54-10, *Dep. M. Gurule*, p. 84, ln 7-25).

75. The full balance of the HSBC Judgment was paid in full prior to the September 23, 2009 Declaration for Examination of Judgment Debtor. (ECF No. 54-11, *Dep. K. Hammer*, p. 98, ln 21-25).

76. Defendant Gurule typically received between twenty (20) and sixty (60) supplemental proceeding packets in a stack for review and signature. (ECF No. 54-10, *Dep. M. Gurule*, p. 86, ln 5-8).

77. The Defendants admitted that on October 13, 2009, Defendant Suttell, P.S. presented the September 23, 2009 Declaration for Examination of Judgment Debtor, along with a proposed Order and Proceedings Supplemental to Execution and Order to Show Cause Pursuant to the

STATEMENT OF FACTS -17-

Spokane County Superior Court. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 17 ¶ 5.55).

78. Defendant Gurule is not aware of any written procedures for any employee of Suttell, P.S. for handling of supplemental proceedings. (ECF No. 54-10, *Dep. M. Gurule*, p. 89, ln 6-14).

79. Defendant Gurule did not typically review case notes in a file before signing a supplemental proceeding declaration under oath. (ECF No. 54-10, *Dep. M. Gurule*, p. 87, ln 20-25 – p. 88, ln 1-3).

80. Instead Defendant Gurule relies on other non-attorney employees to prepare her declaration for supplemental proceedings swearing to facts she assumes must be true. (ECF No. 54-10, *Dep. M. Gurule*, p. 90, ln 4-24).

81. The Defendants admitted that the proposed Order required Plaintiff Laura Vance to appear in Court on November 12, 2009 and to answer Judgment Debtor Interrogatories. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 17 ¶ 5.57).

82. The Defendants admitted that the Order further stated that, "YOUR FAILURE TO APPEAR SHALL BE CONSIDERED CONTEMPT OF COURT AND A BENCH WARRANT FOR YOUR ARREST MAY

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

ISSUE." (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 17 ¶ 5.58).

83. On October 13, 2009, the proposed Order was signed based on Defendant Malisa Gurule's false sworn representation. Plaintiff was again ordered to appear in Court on November 12, 2009. (ECF No. 54-8, Exhibit 15, *October Order for Supp. Proceedings*).

84. The Defendants admitted that on October 13, 2009, the September 23, 2009 Declaration and Order were filed with the Spokane County Superior Court. (ECF No. 27, *Defendants' Answer to Amended Complaint*, p. 17 ¶ 5.59).

K. Facts Related to the November '09 Supplemental Proceedings

85. On November 12, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at the Spokane County Superior Court for the Supplemental Proceedings based on the Gurule Declaration with counsel and requested a hearing to determine if the elements of RCW 50.12.070 were met. Defendant Mark Case objected to the hearing. The Court declined to hold a hearing on that date and continued the matter to November 18, 2009. (ECF No. 52, *Decl. Laura Vance*, p. 4 ¶ 18).

86. Plaintiff Laura Vance and her husband Michael Vance incurred mileage expenses and were both forced to take time off of work to appear at the

STATEMENT OF FACTS -19-    MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

November 12, 2008, hearing. (ECF No. 52, *Decl. Laura Vance*, p. 4 ¶ 19).

87. On November 18, 2009, Plaintiff Laura Vance and her husband Michael Vance appeared at Spokane County Superior Court for the hearing set at that time. The state court dismissed the supplemental proceeding. (ECF No. 53, *Decl. Michael M. Vance*, p.4, ¶ 19).

88. Plaintiff Laura Vance and her husband Michael Vance incurred mileage expenses and were both forced to take time off of work to appear at the November 18, 2009, hearing. (ECF No. 52, *Decl. Laura Vance*, p. 4 ¶ 20).

89. The Defendants admitted that on November 23, 2009, Defendants entered a Satisfaction of Judgment and ceased attempting to collect the debt. (ECF No. 27, *Defendants' Answer to Amended Complaint,* p. 11 ¶ 5.22).

Dated the 9th day of August, 2011.

*Michael D. Kinkley P.S.*                     *Michael D. Kinkley P.S.*

s/Michael D. Kinkley                          s/Scott M. Kinkley
Michael D. Kinkley                            Scott M. Kinkley
WSBA # 11624                                  WSBA # 42434
Attorney for Plaintiff                        Attorney for Plaintiff

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1

2

3

*Law Offices of Heath M. Irvine*

4

s/Heath M. Irvine
Heath M. Irvine
WSBA # 32237
Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STATEMENT OF FACTS -21-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:


Michael D. Kinkley          mkinkley@qwestoffice.net, pleadings@qwestoffice.net, pwittry@qwestoffice.net;

Scott M. Kinkley           skinkley@qwestoffice.net;

Heath M. Irvine           heathmirvine@msn.com;

Carl E. Hueber           ceh@winstoncashatt.com


*Michael D. Kinkley P.S.*


s/Scott M. Kinkley
    Scott M. Kinkley
    WSBA # 42434
    Attorney for Plaintiff
    4407 N. Division, Suite 914
    Spokane, WA 99207
    (509) 484-5611
    skinkley@qwestoffice.net

STATEMENT OF FACTS -22-                 MICHAEL D. KINKLEY P.S.
                                        4407 N. Division, Suite 914
                                        Spokane Washington 99207
                                        (509) 484-5611